## WORRALL *v.* HARE.

ABATEMENT *plea in attachment cases*. The plea traversing the facts set forth in an affidavit for attachment is a plea in abatement.

JUDGMENT *upon such plea.* Under the act of 1861 (1 Sess. 204) as amended by the act of 1864 (3 Sess. 43), if issue of fact joined upon such plea be found for the plaintiff, the judgment is *quod recuperet.*

## Error to District Court, Gilpin County.

Mr. L. C. ROCKWELL, for plaintiff in error.

Messrs. ROYLE & BUTLER and Mr. I. N. WILCOXEN, for defendant in error.

HALLETT, C. J. This was an attachment suit brought by the defendant in error against the plaintiff in error to recover money due on a promissory note. The plaintiff in error traversed the facts set out in the affidavit upon which the attachment was issued, and upon the issue thus formed a trial was had, which resulted in a verdict for the defendant in error. The jury called to try this issue assessed damages against the plaintiff in error, and the court rendered judgment against him for the amount thereof. Some of the questions raised by the assignment of errors cannot be noticed, for the reason, that no bill of exceptions was taken upon the trial of the cause. It is claimed, however, that upon the trial of the issue joined upon the plea traversing the allegations of the affidavit, the jury improperly assessed damages against the plaintiff in error, and that the district court erred in entering final judgment upon the verdict, and this objection we will consider. The question is to be determined by the character of the plea, upon which issue was joined.

If it is a plea in abatement there was no error in rendering judgment *quod recuperet* upon the verdict of the jury for the plaintiff below. *Myers et al.* v. *Hunter et al.*, 20 Ohio, 381.

The act upon which this suit is founded gave to defendants the right to traverse the allegations contained in the attachment affidavit, in the following words:

"That in case any plea in abatement traversing the facts in the affidavit shall be filed, and a trial shall be thereon had, if the issue shall be found for the defendant, the attachment shall be quashed

and the property attached shall be released from such attachment and restored to the possession of the defendant, and the garnishees, if any, shall be discharged, but the writ of attachment in cases commenced by attachment, shall, nevertheless, stand as a summons and the cause shall proceed to trial and judgment, as if originally commenced by summons." 1 Sess. Laws, p. 204; 3 id. p. 43.

In another clause of the act, the officer, to whom the writ was directed, was required to serve the writ upon the defendant therein, and it has always been held here and elsewhere, so far as we are informed, that by such service, when made, the defendant was notified of the pendency of the suit, and the court obtained jurisdiction of his person. The writ of attachment, when served upon the defendant and levied upon his property, performed the office of a summons in bringing the defendant into court, and also the especial function of a writ of attachment in securing property for satisfying any judgment that might be obtained in the cause. By the terms of the clause above recited, the effect of the plea traversing the allegations in the affidavit, if sustained upon trial, was to abate the operation of the writ, so far as the property of the defendant and garnishees were affected by it, but it did not affect the writ in its office as a summons.

Whenever the plea was found to be true, the writ was diminished of its authority touching the property of the defendant, but, nevertheless, it was to stand as a summons, and the cause was to proceed to trial and judgment as if commenced by summons. The object and effect of the plea then was to lessen the operation of the writ, in part to abate it, and therefore we think the plea is properly called in the act, a plea in abatement.

In the clause before recited, all after the word "quashed" was added by the amendment of 1864. Of course before that amendment, when the verdict was for the defendant, the writ was quashed and the suit was at an end. As it stood prior to that amendment, the statute was the same upon this point as that of Illinois, and it was held, by the supreme court of that State, that the plea traversing the affidavit was

a plea in abatement, and that upon the issue joined thereon the successful plaintiff was entitled to judgment *quod recuperet*. *Boggs* v. *Bindskoff et al.*, 23 Ill. 67.

The amendment of 1864 diminished the power of the plea but did not change its character. It belonged to the class known as pleas in abatement prior to that amendment, and it remained in that class notwithstanding the amendment. The case of *Leitensdorfer et al.* v. *Webb*, 20 How. 176, is not an authority against the position here assumed. In that case, the statute upon which the proceeding was founded declares that, if the issue upon any material fact in the affidavit be found for the plaintiff, "the cause shall proceed." Now, if upon verdict for the plaintiff, judgment *quod recuperet* should be entered, the cause would be at an end. and could not, therefore, proceed as the statute requires. Under that statute, the judgment in favor of the plaintiff could only be *respondeat ouster*, because, if *final* judgment should be entered, the cause would not then proceed as the statute requires. Our statute is materially different. It contains no provision as to the course to be pursued when the issue upon the verity of the affidavit is found for the plaintiff, and therefore we are left to the common-law rule which subjects a defendant, who fails to maintain his plea in abatement, to a peremptory judgment, without giving him further opportunity to contest the plaintiff's right of action. Nor does it appear that the question now under consideration was before the court in that case. After the trial of the issue arising upon the affidavit in that case, the defendant, without objection, as it seems, from the plaintiff, pleaded in bar to the action, and a new issue was framed upon which a trial was had. The supreme court held, that the proceedings upon this latter trial only were before them for consideration, and in them no error was found.

Since the trial of this cause in the district court, the practice in cases of this kind has been regulated by statute, and therefore this case cannot become a precedent.

The judgment of the district court is affirmed, with costs.

*Affirmed.*